IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 08-cv-00736-CMA-KMT

ARTHUR CLYDE PARGA,

    Plaintiff,

v.

OFFICER BILL DOLAN (Sterling Police Dept.),
OFFICER RICHARD KELSCH (Sterling Police Dept.),
OFFICER LEE (Sterling Police Dept.), and
POLICE CHIEF ROY BREIVIK, (Sterling Police Dept.),

    Defendants.

## ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH COURT ORDERS

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. Plaintiff has been instructed to make such payments or to show cause why he cannot. (*See* Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. # 6), issued April 23, 2008.

### BACKGROUND

On February 3, 2009 (Doc. #45), Plaintiff was ordered either to make the required monthly payments or to show cause why he had no assets and no means by which to make the monthly payments for May 2008 through December 2008. Plaintiff

was warned that a failure to comply with that Order would result in the dismissal of his Complaint and the action.

On February 10, 2009, Plaintiff responded to the Order to Show Cause by letter (Doc. # 48) requesting that the Court order the Colorado Department of Corrections to make his monthly filing fee payments out of his inmate account.

On March 4, 2009, the Court issued an Order (Doc. # 53) denying Plaintiff's request and, again, ordering the Plaintiff to make the required monthly payments for May 2008 through December 2008 and January and February 2009 or show cause why he cannot. Plaintiff was again warned that failure to make the required monthly payments or show cause why he cannot, Plaintiff's complaint and civil action will be dismissed.

In response to the Court's March 4, 2009 Order, Plaintiff submitted a certified inmate account statement which encompasses the time period from February 1, 2009 through February 28, 2009 (Doc. # 60), filed March 20, 2009. Plaintiff did not submit any certified inmate account statements for the period from May 2008 through December 2008 or January 2009.

The statement shows a positive balance as February 1, 2009 of $54.91, of which Plaintiff should have paid at least $11.00 toward his fling fee for the month of January 2009. However, the Court docket reflects that no payment was received. The Court further notes that on February 6, 2009, Plaintiff made a canteen purchase of $54.26.

The certified inmate account statement further reflects a deposit into the Plaintiff's account on February 9, 2009 of $13.01, of which the Plaintiff should have paid $2.60 toward his filing fee for the month of February 2009. However, the Court docket reflects that no payment was received.

Section 1915(b)(2), 28 U.S.C., requires that a prisoner shall "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," each time the amount in the account exceeds $10.00. This provision requires the prisoner to make the payment at the time his account is credited, before he engages in other, discretionary spending. *Harris v. Colorado Dept. of Corrections*, No. 00-N-1066, 200 WL 33193816, at *1 (D.Colo. December 19, 2000).

Plaintiff has offered no credible explanation why, since May 2008, he has failed to make payments towards his filing fee or show cause each month why he cannot pay. Plaintiff therefore has not complied with the Court's Orders issued on February 3, 2009 and March 4, 2009.

## DISCUSSION

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the circuit court enumerated the factors to be considered when evaluating grounds for dismissal of an action. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions." *Id.* at 921

(internal quotations and citations omitted); see also *Gates Rubber Co. v. Bando Chemicals, et al*, 167 F.R.D. 90, 101 (D. Colo. 1996).

## I. PREJUDICE TO THE DEFENDANT

From a review of his case file, the Court finds that Plaintiff's failure to provide either a monthly payment or to demonstrate his inability to pay by presenting a verified copy of his inmate account, has not delayed the progression of his case toward resolution, nor have defendants been prejudiced or adversely impacted. The Court notes, however, that the purpose behind requiring prisoners to pay their filing fee is to deter frivolous prisoner litigation. *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997). Defendants, like the courts, are burdened by frivolous cases. Thus, the defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

In addition, as the circuit court explained in *Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003):

> The issue here is not money per se. The issue, rather, is respect for the judicial process and the law. Plaintiff must lose his right to pursue his claim in court because of his utter unwillingness to make the minor sacrifices required by statute and by the repeated directives of a patient district court. In disposing of this appeal, we have occasion to set forth the duties of indigent prisoners with respect to the payment of filing fees.
> 
> * * *
> 
> These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.

(Internal quotations and citations omitted).

## II. INTERFERENCE WITH THE JUDICIAL PROCESS

The Plaintiff has failed to comply with this Court's Orders to Show Cause issued February 3, 2009 and March 4, 2009. Plaintiff's persistent failure to follow the Court's Order with respect to his obligation to pay the filing fee, and the Court's continual review of his file and issuance of orders regarding the filing fee increase the workload of the Court and interfere with the administration of justice.

## III. CULPABILITY OF THE PLAINTIFF

Plaintiff has without any reasonable excuse ignored the order to make payments towards the filing fee or to show cause why he could not (Doc. # 5). Plaintiff was ordered thereafter to show cause why his case should not be dismissed for the failure to make payments or to show cause why he could not (Doc. ## 45, 53). Plaintiff failed to comply with all Orders. From this the Court must conclude that Plaintiff is responsible for his noncompliance.

## IV. ADVANCE NOTICE OF SANCTION OF DISMISSAL FOR NONCOMPLIANCE

Plaintiff was warned that he risked dismissal of his case if he continued to fail to make payments towards the filing fee or to show cause why he could not (Doc. ## 45, 53). Despite that warning, Plaintiff failed to make any adequate showing excusing his failures to comply with this Court's orders to make his monthly payments or show cause why he could not.

## V. EFFICACY OF A LESSER SANCTION

Finally, the Court concludes that no sanction less than dismissal would be effective. The Plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction would be ineffective. Because the injury from Plaintiff's failures to comply principally is to the judicial system, and not to defendants, a sanction limiting evidence would bear no substantial relation to the misconduct. Under these circumstances, no lesser sanction would be effective and dismissal without prejudice is an appropriate sanction. Accordingly, it is

ORDERED that the Complaint and cause of action are DISMISSED WITHOUT PREJUDICE.

DATED: March __24__, 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge